Zhen v. Holder

BIA
Morace, IJ
A087 541 277

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

YING FENG ZHEN,
> *Petitioner,*

v.                                          13-4669
                                            NAC

ERIC H. HOLDER, JR., UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gerald Karikari, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Stephen J. Flynn, Assistant
                       Director; Lynda A. Do, Attorney,
                       Office of Immigration Litigation,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ying Feng Zhen, a native and citizen of China, seeks review of a November 14, 2013, decision of the BIA affirming the April 12, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Ying Feng Zhen*, No. A087 541 277 (B.I.A. Nov. 14, 2013), *aff'g* No. A087 541 277 (Immig. Ct. N.Y. City Apr. 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Adverse Credibility Determination**

We find no error in the agency's determination that Zhen was not credible as to his family planning claim.

2

Asylum applications like Zhen's are governed by the REAL ID Act of 2005.

The record supports the agency's finding that Zhen was often unresponsive while testifying with regard to his family planning claim. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003). The IJ and the Government's attorney repeatedly attempted to elicit more detail from Zhen—either by rephrasing questions or by further probing Zhen's answers—often to no avail. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 157 (2d Cir. 2008). The agency was not required to credit Zhen's explanation that unresponsiveness is his normal disposition. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Having called Zhen's credibility into question, the agency reasonably relied further on his failure to provide credible corroborating evidence. See *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

Given Zhen's unresponsive testimony and lack of corroborating evidence regarding his family planning claim, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin v.*

3

*Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). That determination is dispositive of asylum, withholding of removal, and CAT relief insofar as they were based on Zhen's family planning claim. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

## II. Burden of Proof

The agency also reasonably determined that Zhen failed to establish a well-founded fear of persecution based on his practice of Falun Gong. Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate such a well-founded fear, an applicant must show either that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting those similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). Irrespective of the theory, the agency was not compelled to find that Zhen demonstrated a well-founded fear of persecution.

Although Zhen failed to submit any country conditions in support of his application, the IJ took administrative notice of the 2010 State Department Country Reports on Human Rights Practices. That report discussed the mistreatment of certain Falun Gong supporters. However, because Zhen's practice of Falun Gong is neither public nor high-profile, the agency did not err in finding that he failed to demonstrate a reasonable possibility of being singled out for persecution, or that there is a pattern or practice of persecution against similarly situated practitioners. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008) (providing that the agency is not compelled to resolve conflicts in record evidence in the applicant's favor so long as substantial evidence raises doubts that authorities will single out the applicant for persecution and the agency does not overlook contrary evidence); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern-or-practice claim).

Because the agency reasonably found that Zhen failed to demonstrate a well-founded fear of persecution on account of his practice of Falun Gong, it did not err in denying

5

asylum, withholding of removal, and CAT relief insofar as those claims were based on that practice. *See Paul*, 444 F.3d at 156-57.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>